UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO: 3:24-CR-00217 |
| v. | |
| PHILIP TAYLOR SOBASH | JUDGE TRAUGER |

## PETITION TO ENTER A PLEA OF GUILTY

I, Philip Taylor Sobash, respectfully represent to the Court as follows:

1. My true full name is Philip Taylor Sobash. I was born in 1990, and I am 35 years old. I completed 25.5 of education.

2. My retained lawyers are Michael J. Connolly and Jennifer Lynn Thompson.

3. I have received a copy of the Indictment before being called upon to plead and have read and discussed it with my lawyers and believe and feel that I understand every accusation made against me in the Indictment.

4. I have had sufficient opportunity to discuss with my lawyers the facts and surrounding circumstances concerning the matters mentioned in the Indictment. My lawyers have counseled and advised me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyers have explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

5. I understand that the statutory penalty for each of the offenses with which I am charged is,

    a. as to Count One (1):

        i. Class B Felony; not less than 15-years imprisonment to no more than 30-years imprisonment;
        ii. a fine of up to $250,000;
        iii. a mandatory $100 special assessment;
        iv. a $5,000 special assessment for any non-indigent defendant pursuant to 18 U.S.C. § 3014;
        v. not more than a $50,000 special assessment pursuant to 18 U.S.C. § 2259A(a)(3); and

>   >   vi. a term of supervised release of no less than 5 years and up to life in addition to such term of imprisonment.
>
>   b. as to Count Two (2):
>
>   >   i. Class A Felony; not less than 10-years imprisonment to no more than life imprisonment;
>   >   ii. a fine of up to $250,000;
>   >   iii. a mandatory $100 special assessment;
>   >   iv. a $5,000 special assessment for any non-indigent defendant pursuant to 18 U.S.C. § 3014; and
>   >   v. a term of supervised release of no less than 5 years and up to life in addition to such term of imprisonment.
>
>   c. as to Count Three (3):
>
>   >   i. Class C Felony; not less than 5-years imprisonment to no more than 20-years imprisonment;
>   >   ii. a fine of up to $250,000;
>   >   iii. a mandatory $100 special assessment;
>   >   iv. a $5,000 special assessment for any non-indigent defendant pursuant to 18 U.S.C. § 3014;
>   >   vii. not more than a $35,000 special assessment pursuant to 18 U.S.C. § 2259A(a)(2); and
>   >   v. a term of supervised release of no less than 5 years and up to life in addition to such term of imprisonment.
>
>   I understand that terms of imprisonment for convictions on more than one count may be ordered to run concurrently or consecutively with each other.

6. I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. § 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyers and I have discussed the calculation of the Guidelines in my case. My lawyers have given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyers' estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. If I am convicted of any offense specified in 18 U.S.C. § 3663A(c), or as

otherwise required by law, restitution is mandatory. I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

7. I understand that, under 18 U.S.C. § 3561(a), I am not eligible for a sentence of probation if I receive any sentence of imprisonment at the same time on this offense or any other offense, or if I am convicted of a Class A or Class B felony, or the offense is one for which probation is expressly prohibited. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time credit per year, and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation, I could be imprisoned again.

8. I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee, unless my right to vote is lawfully restored, and may not be eligible to vote in other states; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase that sentence; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988. I understand that this list may not include all of the adverse consequences of my conviction in this case.

9. I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial. The Court may then impose sentence upon me within the limits set forth in any plea agreement stated in paragraph (13), subject to the maximum punishments set forth in paragraph (5).

10. No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyers and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C) I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B) I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

11. My lawyers have done all the investigation and research in this case that I have asked them to do, and they have reviewed with me the discovery material provided by the Government. I am satisfied with their representation at this point.

12. Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

   **Plea of Guilty to Count 1 of Indictment 3:24-cr-00217: Sexual Exploitation of a Minor in violation of Title 18 United States Code Section 2251(a), (e).**

13. This plea is a result of a plea agreement between my lawyers and the prosecution under the provisions of Rule 11(c)(1)(A) of the <u>Federal Rules of Criminal Procedure</u>. The plea agreement is attached to this Petition and incorporated herein by reference.

14. I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also, my lawyers have explained to me, and I feel and believe I understand this petition.

15. I am not under the influence of either drugs or alcohol.

16. I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

17. Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyers, this the 2nd day of October, 2025.

_____
Philip Taylor Sobash
Defendant

4

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

_____
Monica Morrison
Assistant United States Attorney

*Monica Morrison For*

_____
Adam Braskich
Trial Attorney

## CERTIFICATE OF COUNSEL

The undersigned, as lawyers and counselors for Philip Taylor Sobash, hereby certify as follows:

1. I have read and fully explained to Philip Taylor Sobash all the accusations against him in this case;

2. To the best of my knowledge and belief each statement set forth in the foregoing Petition is accurate and true;

3. In my opinion the plea of "GUILTY" as offered by Philip Taylor Sobash in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me in open court in the presence of this 2 day of Oct, 2025.

_____
Michael J. Connolly
Attorney for the Defendant

_____
Jennifer Lynn Thompson
Attorney for the Defendant

## ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the Petition and as recommended in the certificate of counsel.

Done in open court this 2nd day of Oct., 2025.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE